LAURENCE A WEISS (Bar No. 164638)
RYAN D. MARSH (Bar No. 237259)
HOLLY B. BAUDLER (Bar No. 238843)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, California 94025-3506
Telephone: (650) 324-7000
Facsimile: (650) 324-0638
Laurence.Weiss@hellerehrman.com
Ryan.Marsh@hellerehrman.com
Holly.Baudler@hellerehrman.com

Attorneys for Defendant
friendlyway AG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PSI CORPORATION (f/k/a FRIENDLYWAY CORPORATION f/k/a BIOFARM, INC.)<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER VON WELCZECK, HENRY LO, MICHAEL DRAPER, and FRIENDLYWAY AG,<br><br>Defendants. | Case No. 07-02869 SBA<br><br>**DECLARATION OF KLAUS TROX IN SUPPORT OF DEFENDANT FRIENDLYWAY AG'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Judge: Hon. Saundra B. Armstrong<br>Time:<br>Complaint filed: June 1, 2007 |

I, Klaus Trox, hereby declare as follows:

1. I am, and since January 1998 I have been, the chief executive officer of friendlyway AG ("FWAG"). I have personal knowledge of the facts set forth in this declaration.

2. FWAG is a German corporation. Its offices are in Unterfoehring, Germany, near Munich.

3. Alexander von Welczeck was an employee of FWAG until August 2000. In August 2000, Mr. von Welczeck became chief executive officer of friendlyway, Inc. ("FWI"), which was at the time a wholly-owned subsidiary of FWAG. At that time, Mr. von Welczeck's employment with FWAG was suspended, but he retained the right to be re-employed by FWAG under certain circumstances.

4. In September 2002, Mr. von Welczeck purchased 70% of the outstanding stock of FWI from FWAG and waived his right to become re-employed by FWAG under any circumstances. FWAG retained 30% of the outstanding stock of FWI.

5. Since September 2002, Mr. von Welczeck has had no employment relationship with FWAG.

6. At no time has Henry Lo ever been employed by or been an agent of FWAG.

7. At no time has Michael Draper ever been employed by or been an agent of FWAG.

8. In 2004, FWI sought to merge with a publicly-traded shell company in order to have access to funding through the public markets in the United States.

9. In 2004, during the time that the management of FWI was negotiating with Biofarm and up to the closing of the transaction with Biofarm in December 2004, I was on the board of directors of FWI. No other employee or agent of FWAG was on FWI's board of directors at that time. I have never been an employee of FWI.

10. No employee of FWAG was present during the negotiations between FWI and Biofarm. I am not aware of what Mr. von Welczeck or Mr. Lo may have said during such negotiations.

1

11. During 2005, FWAG assisted FW Corp. (now PSI) in obtaining additional funding, including by issuing convertible bonds in Germany to non-US citizens. Later, in April and July of 2006, FWAG instructed FW Corp. (now PSI) to transfer an aggregate of 7,850,000 shares of the FW Corp. (now PSI) common stock owned by FWAG to certain of those bondholders in connection with the conversion of the convertible bonds.

12. PSI's failure to transfer shares as instructed by FWAG and PSI's purported cancellation of FWAG's shares impairs FWAG's ability to complete the conversion of the bonds as it is obligated to do.

13. Between March 2005 and September 2005, FWAG provided cash to FW Corp. (now PSI) in exchange for promissory notes that subsequently were converted into an aggregate of 4,818,575 shares of FW Corp. (now PSI) common stock. In October 2006, FWAG received from PSI certificates for a total of 4,401,908 shares of PSI common stock, representing a portion but not all of the 4,818,575 shares PSI owed to FWAG under the subscription agreements. PSI has never delivered to FWAG the remaining 416,667 shares owed.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on June 7, 2007.

_____
Klaus Trox