HARRY G. LEWIS (STATE BAR NO. 157705)
BRIAN V. DONNELLY (STATE BAR NO. 162987)
CHRISTINA S. PARK (STATE BAR NO. 162987)
CORNERSTONE LAW GROUP
595 Market Street, Suite 2360
San Francisco, CA 94105
Telephone: (415) 974-1900
Facsimile: (415) 974-6433

Attorneys for Defendants and Cross-Complainants ALEXANDER VON WELCZECK and HENRY LO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| PSI CORPORATION (f/k/a FRIENDLYWAY CORPORATION, f/k/a BIOFARM, INC.),<br><br>PLAINTIFF,<br>vs.<br><br>ALEXANDER VON WELCZECK, HENRY LO, MICHAEL DRAPER and FRIENDLYWAY AG,<br><br>DEFENDANTS.<br><br>FRIENDLYWAY, INC., KARL JOHANNNSMEIER, PACIFIC CAPSOURCE, INC., and DERMA PLUS, INC.,<br><br>NOMINAL DEFENDANTS<br><br>ALEXANDER VON WELCZECK<br>CROSS-CLAIMANT,<br>vs.<br><br>PSI CORPORATION (f/k/a FRIENDLYWAY CORPORATION, f/k/a BIOFARM, INC.),<br>CROSS-DEFENDANT. | **CASE NO. C 07-02869 SBA**<br><br>**DEFENDANT HENRY LO'S ANSWER TO PSI CORPORATION'S COMPLAINT** |

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant and Cross-claimant Henry Lo ("Defendant") hereby answers Plaintiff and Cross-Defendant PSI Corporation, Inc's ("Plaintiff") Complaint as follows.

1. Defendant denies the allegation in paragraph 1.

2. Defendant denies that Plaintiff was a perfect candidate for FWI's acquisition or that Draper's interest in Plaintiff or his advise to its shareholders made Plaintiff a more attractive merger candidate for FWI. Defendant admits the remaining allegations in paragraph 2.

3. Defendant denies the allegation in paragraph 3.

4. Defendant denies the allegation in paragraph 4.

5. Defendant denies the allegation in paragraph 5.

6. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 6.

7. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 7.

8. Defendant admits the allegations in paragraph 8.

9. Defendant admits the allegations in paragraph 9.

10. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10.

11. Defendant admits the allegations in paragraph 11.

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 12.

13. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 13.

14. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 14.

15. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 15.

16. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 16.

17. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 17.

18. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 18.

19. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 19.

20. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 20.

21. Defendant denies that Lo joined FWI as a director in early 2004. Defendant admits the remaining allegations in paragraph 21.

22. Defendant denies that FWI sought access only to public financing or that it proactively sought a transaction that would allow it access to such public financing. Defendant admits the remaining allegations in paragraph 22.

23. Defendant admits the allegations in paragraph 23.

24. Defendant denies that von Welczeck and Lo hired “finders” solely for the purpose of finding a merger partner. Defendant admits the remaining allegations in paragraph 24.

25. Defendant admits that Draper became a shareholder at the closing of the Share Exchange Agreement (“SEA”) on August 13, 2004. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 25.

26. Defendant admits the allegations in paragraph 26.

27. Defendant admits that he served as the sellers lead spokesperson but FWI's Board of Directors also had a substantial role in the merger discussions. Defendant denies the remaining allegations in paragraph 27.

28. Defendant admits he represented to Plaintiff that FWAG was previously FWI's parent ant that it may make sense to reestablish this relationship in the future. Defendant denies the remaining allegations in paragraph 28.

29. Defendant admits he projected future revenues and profits for FWI based on the company's ability to secure significant additional financing. Defendant denies the remaining allegations in paragraph in paragraph 29.

30. Defendant admits he projected future revenues and profits for FWI based on the company's ability to secure significant additional financing. Defendant denies the remaining allegations in paragraph in paragraph 30.

31. Defendant admits he projected future revenues and profits for FWI based on the company's ability to secure significant additional financing. Defendant admits the remaining allegations in paragraph in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant admits the allegations in paragraph 33.

34. Defendant admits he represented to Plaintiff that FWAG was previously FWI's parent ant that it may make sense to reestablish this relationship in the future. Defendant denies the remaining allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 36.

37. Defendant denies that any representations regarding the actual or projected revenues of FWI influenced the number of shares issued to Lo, von Welczeck or FWAG pursuant to the SEA. Defendant lacks knowledge or information sufficient to admit or

deny the allegations regarding the information Plaintiff relied upon in entering into the SEA. Defendant admits the remaining allegations in paragraph 37.

38. Defendant admits the allegations in paragraph 38.

39. Defendant denies that he made representations designed solely to induce Plaintiff to consummate the merger transactions. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 39.

40. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 40.

41. Defendant admits he projected future revenues and profits for FWI based on the company's ability to secure significant additional financing. Defendant admits the remaining allegations in paragraph in paragraph 41.

42. Defendant admits he projected future revenues and profits for FWI based on the company's ability to secure significant additional financing. Defendant admits the remaining allegations in paragraph in paragraph 42.

43. Defendant denies that he agreed with Plaintiff not to issue or distribute Plaintiff's stock under the conditions alleged. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 43.

44. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 44.

45. Defendant admits that Plaintiff and FWI entered into a Closing Agreement on December 10, 2004. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 45.

46. Defendant admits the allegations in paragraph 46.

47. Defendant admits the allegations in paragraph 47.

48. Defendant admits the allegations in paragraph 48.

49. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 49.

50. Defendant admits the allegations in paragraph 50.

51. Defendant admits the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant admits that the FWI's audited financial statements provided to Plaintiff showed that the company was operating at a profit and earning positive net income in 2004 but that, ultimately, it suffered a loss by the end of the year. Defendant denies the remaining allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant admits the allegations in paragraph 62.

63. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 63.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68

69. Defendant denies the allegations in paragraph 69.

70. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 73.

74. Defendant admits that Plaintiff was in contractual privity with defendants under the SEA and Closing Agreement. Defendant denies the remaining allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78.

79. Defendant denies the allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

82. Defendant denies the allegations in paragraph 82.

83. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 83.

84. Defendant denies the allegations in paragraph 84.

85. Defendant denies the allegations in paragraph 85.

86. Defendant denies the allegations in paragraph 86.

87. Defendant denies the allegations in paragraph 87.

88. Defendant denies the allegations in paragraph 88.

89. Defendant denies the allegations in paragraph 89.

90. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 90.

91. Defendant admits the allegations in paragraph 91.

92. Defendant admits the allegations in paragraph 92.

93. Defendant denies the allegations in paragraph 93.

94. Defendant admits the allegations in paragraph 94.

95. Defendant admits the allegations in paragraph 95.

96. Defendant denies the allegations in paragraph 96.

97. Defendant denies the allegations in paragraph 87.

98. Defendant denies the allegations in paragraph 98.

99. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 99.

100. Defendant denies the allegations in paragraph 100.

101. Defendant denies the allegations in paragraph 101.

102. Defendant denies the allegations in paragraph 102.

103. Defendant denies the allegations in paragraph 103.

104. Defendant denies the allegations in paragraph 104.

105. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 105.

106. Defendant denies the allegations in paragraph 106.

107. Defendant denies the allegations in paragraph 107.

108. Defendant denies the allegations in paragraph 108.

109. Defendant denies the allegations in paragraph 109.

110. Defendant denies the allegations in paragraph 110.

**AFFIRMATIVE DEFENSES**

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each and every claim contained therein fails to state facts sufficient to constitute a claim against Defendant upon which relief can be granted.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is solely or partially responsible for the damages and injuries alleged in the Complaint, if any there were.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each and every cause of action contained therein is barred by the statute of frauds.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each and every cause of action contained therein is barred by the applicable statute of limitations.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each and every claim contained therein is barred by the doctrine of estoppel.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each and every claim contained therein is barred by the doctrine of laches.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each and every claim contained therein is barred by the doctrine of unclean hands.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each and every claim contained therein is barred by the doctrine of waiver.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each and every claim contained therein is barred by the Plaintiff's fraudulent and bad faith conduct.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each and every claim contained therein, is barred

in that Plaintiff would be unjustly enriched by their receipt of any recovery prayed for in their Complaint.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that, if Plaintiff has in fact sustained any loss, injury, damage, or detriment as alleged in his Complaint, that loss, injury, damage, or detriment was caused by Plaintiff's own lack of good business judgment, or Plaintiff's own business mismanagement, and not by reason of any act or omission of the Defendant.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff entered into the transaction alleged in its Complaint with full knowledge and appreciation of the risks attendant thereto and knowingly assumed and consented to the risks, if any.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each and every claim contained therein, is barred as any damages or detriment alleged in the Complaint were caused by persons or organizations other than the Defendant.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's reliance, if any, upon alleged representations to have been made by the Defendant was not justified.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint, and each and every claim contained therein, is barred as Plaintiff failed to fulfill its duty of inquiry.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint, and each and every claim alleged therein, is barred because Plaintiff consented to, and/or ratified the alleged acts of Defendant, if any, and therefore may not complain thereof.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint, and each and every claim contained therein, is barred because

any damages alleged to have been suffered by Plaintiff were not proximately caused by Defendant's alleged conduct, but by Plaintiff's own conduct, acts, or omissions.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has suffered no economic damage as a result of any alleged acts and/or omissions of the Defendant.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to mitigate its damages, if any there were.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's allegations in support of its claim for punitive damages are insufficient to justify the award of any such damages.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that, if Defendant is adjudged liable for money damages, which liability is expressly denied, said amount should be offset by the amount of money owed to Defendant by Plaintiff which Plaintiff has not paid upon demand.

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff take nothing by its Complaint herein and that the Complaint be dismissed in its entirety with prejudice;
2. That Defendant be awarded his actual attorneys' fees and costs of suit incurred herein;
3. For such other and further relief as this Court may deem just and proper.

Dated: June 26, 2007

CORNERSTONE LAW GROUP

By: _______/S/_______________________________

Harry Lewis
Attorneys for Defendant
ALEXANDER VON WELCZECK and
HENRY LO