HARRY G. LEWIS (STATE BAR NO. 157705)
BRIAN V. DONNELLY (STATE BAR NO. 162987)
CHRISTINA S. PARK (STATE BAR NO. 236480)
CORNERSTONE LAW GROUP
595 Market Street, Suite 2360
San Francisco, CA  94105
Telephone:  (415) 974-1900
Facsimile:    (415) 974-6433

Attorneys for Defendants and
Cross-Complainants ALEXANDER VON WELCZECK and HENRY LO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| PSI CORPORATION (f/k/a FRIENDLYWAY CORPORATION, f/k/a BIOFARM, INC.),<br><br>PLAINTIFF,<br>vs.<br><br>ALEXANDER VON WELCZECK, HENRY LO, MICHAEL DRAPER and FRIENDLYWAY AG,<br><br>DEFENDANTS. | **CASE NO. C 07-02869 SBA**<br><br>**DEFENDANT ALEXANDER VON WELCZECK'S ANSWER TO PSI CORPORATION'S COMPLAINT** |
| FRIENDLYWAY, INC., KARL JOHANNNSMEIER, PACIFIC CAPSOURCE, INC., and DERMA PLUS, INC.,<br><br>NOMINAL DEFENDANTS | |
| ALEXANDER VON WELCZECK and HENRY LO<br><br>CROSS-COMPLAINANTS,<br>vs.<br><br>PSI CORPORATION (f/k/a FRIENDLYWAY CORPORATION, f/k/a BIOFARM, INC.),<br><br>CROSS-DEFENDANT. | |

Page 1

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant and Cross-claimant Alexander von Welczeck ("Defendant") hereby answers Plaintiff and Cross-Defendant PSI Corporation, Inc's ("Plaintiff") Complaint as follows.

1. Defendant denies the allegation in paragraph 1.

2. Defendant denies that Plaintiff was a perfect candidate for FWI's acquisition or that Draper's interest in Plaintiff or his advise to its shareholders made Plaintiff a more attractive merger candidate for FWI. Defendant admits the remaining allegations in paragraph 2.

3. Defendant denies the allegation in paragraph 3.

4. Defendant denies the allegation in paragraph 4.

5. Defendant denies the allegation in paragraph 5.

6. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 6.

7. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 7.

8. Defendant admits the allegations in paragraph 8.

9. Defendant admits the allegations in paragraph 9.

10. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10.

11. Defendant admits the allegations in paragraph 11.

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 12.

13. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 13.

14. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 14.

DEFENDANT ALEXANDER VON WELCZECK'S
ANSWER TO PSI CORPORATION'S COMPLAINT
CASE NO. C 07-02869 SBA

15. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 15.

16. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 16.

17. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 17.

18. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19.

20. Defendant admits the allegations in paragraph 20.

21. Defendant denies that Henry Lo ("Lo") joined FWI as a director. Defendant admits the remaining allegations in paragraph 21.

22. Defendant denies that FWI sought access only to public financing and that FWI proactively sought a transaction that would allow it access to public financing. Defendant admits the remaining allegations in paragraph 22.

23. Defendant admits the allegations in paragraph 23.

24. Defendant denies that FWI hired "finders" solely for the purpose of finding a merger partner. Defendant admits the remaining allegations in paragraph 24.

25. Defendant admits that Draper became a shareholder at the closing of the Share Exchange Agreement ("SEA") on August 13, 2004. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 25.

26. Defendant admits the allegations in paragraph 26.

27. Defendant admits that Lo served as the sellers lead spokesperson but that FWI's Board of Directors also had a substantial role in the merger discussions. Defendant denies the remaining allegations in paragraph 27.

1    28.    Defendant lacks knowledge or information sufficient to admit or deny the
2 allegations in paragraph 28.
3    29.    Defendant lacks knowledge or information sufficient to admit or deny the
4 allegations in paragraph 29.
5    30.    Defendant lacks knowledge or information sufficient to admit or deny the
6 allegations in paragraph 30.
7    31.    Defendant lacks knowledge or information sufficient to admit or deny the
8 allegations in paragraph 31.
9    32.    Defendant lacks knowledge or information sufficient to admit or deny the
10 allegations in paragraph 32.
11    33.    Defendant lacks knowledge or information sufficient to admit or deny the
12 allegations in paragraph 33.
13    34.    Defendant lacks knowledge or information sufficient to admit or deny the
14 allegations in paragraph 34.
15    35.    Defendant lacks knowledge or information sufficient to admit or deny the
16 allegations in paragraph 35.
17    36.    Defendant lacks knowledge or information sufficient to admit or deny the
18 allegations in paragraph 36.
19    37.    Defendant denies that any representations regarding the actual or projected
20 revenues of FWI influenced the number of shares issued to Lo, von Welczeck or FWAG
21 pursuant to the SEA.  Defendant lacks knowledge or information sufficient to admit or
22 deny the allegations regarding the information Plainitff relied upon in entering into the
23 SEA.  Defendant admits the remaining allegations in paragraph 37.
24    38.    Defendant admits the allegations in paragraph 38.

39.    Defendant denies that he made representations designed solely to induce Plaintiff to consummate the merger transactions. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 39.

40.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 40.

41.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 41.

42.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 42.

43.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 43.

44.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 44.

45.    Defendant admits that Plaintiff and FWI entered into a Closing Agreement on December 10, 2004. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 45.

46.    Defendant admits the allegations in paragraph 46.

47.    Defendant admits the allegations in paragraph 47.

48.    Defendant admits the allegations in paragraph 48.

49.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 49.

50.    Defendant admits the allegations in paragraph 50.

51.    Defendant admits the allegations in paragraph 51.

52.    Defendant denies the allegations in paragraph 52.

53.    Defendant denies the allegations in paragraph 53.

54.    Defendant denies the allegations in paragraph 54.

1     55.     Defendant denies the allegations in paragraph 55.

2     56.     Defendant denies the allegations in paragraph 56.

3     57.     Defendant denies the allegations in paragraph 57.

4     58.     Defendant denies the allegations in paragraph 58.

5     59.     Defendant denies the allegations in paragraph 59.

6     60.     Defendant denies the allegations in paragraph 60.

7     61.     Defendant denies the allegations in paragraph 61.

8     62.     Defendant denies the allegations in paragraph 62.

9     63.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 63.

11     64.     Defendant denies the allegations in paragraph 64.

12     65.     Defendant denies the allegations in paragraph 65.

13     66.     Defendant denies the allegations in paragraph 66.

14     67.     Defendant denies the allegations in paragraph 67.

15     68.     Defendant denies the allegations in paragraph 68

16     69.     Defendant denies the allegations in paragraph 69.

17     70.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 70.

19     71.     Defendant denies the allegations in paragraph 71.

20     72.     Defendant denies the allegations in paragraph 72.

21     73.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 73.

23     74.     Defendant admits that Plaintiff was in contractual privity with defendants under the SEA and Closing Agreement. Defendant denies the remaining allegations in paragraph 74.

26     75.     Defendant denies the allegations in paragraph 75.

DEFENDANT ALEXANDER VON WELCZECK'S
ANSWER TO PSI CORPORATION'S COMPLAINT
CASE NO. C 07-02869 SBA

1. 76.   Defendant denies the allegations in paragraph 76.
2. 77.   Defendant denies the allegations in paragraph 77.
3. 78.   Defendant denies the allegations in paragraph 78.
4. 79.   Defendant denies the allegations in paragraph 79.
5. 80.   Defendant denies the allegations in paragraph 80.
6. 81.   Defendant denies the allegations in paragraph 81.
7. 82.   Defendant denies the allegations in paragraph 82.
8. 83.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 83.
9. 84.   Defendant denies the allegations in paragraph 84.
10. 85.   Defendant denies the allegations in paragraph 85.
11. 86.   Defendant denies the allegations in paragraph 86.
12. 87.   Defendant denies the allegations in paragraph 87.
13. 88.   Defendant denies the allegations in paragraph 88.
14. 89.   Defendant denies the allegations in paragraph 89.
15. 90.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 90.
16. 91.   Defendant admits the allegations in paragraph 91.
17. 92.   Defendant admits the allegations in paragraph 92.
18. 93.   Defendant denies the allegations in paragraph 93.
19. 94.   Defendant admits the allegations in paragraph 94.
20. 95.   Defendant admits the allegations in paragraph 95.
21. 96.   Defendant denies the allegations in paragraph 96.
22. 97.   Defendant denies the allegations in paragraph 87.
23. 98.   Defendant denies the allegations in paragraph 98.

1       99.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 99.

3       100.    Defendant denies the allegations in paragraph 100.

4       101.    Defendant denies the allegations in paragraph 101.

5       102.    Defendant denies the allegations in paragraph 102.

6       103.    Defendant denies the allegations in paragraph 103.

7       104.    Defendant denies the allegations in paragraph 104.

8       105.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 105.

10     106.    Defendant denies the allegations in paragraph 106.

11     107.    Defendant denies the allegations in paragraph 107.

12     108.    Defendant denies the allegations in paragraph 108.

13     109.    Defendant denies the allegations in paragraph 109.

14     110.    Defendant denies the allegations in paragraph 110.

**AFFIRMATIVE DEFENSES**

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each and every claim contained therein fails to state facts sufficient to constitute a claim against Defendant upon which relief can be granted.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is solely or partially responsible for the damages and injuries alleged in the Complaint, if any there were.

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each and every cause of action contained therein is barred by the statute of frauds.

1   AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant
2 alleges that the Complaint and each and every cause of action contained therein is barred
3 by the applicable statute of limitations.

4   AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant
5 alleges that the Complaint and each and every claim contained therein is barred by the
6 doctrine of estoppel.

7   AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant
8 alleges that the Complaint and each and every claim contained therein is barred by the
9 doctrine of laches.

10   AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant
11 alleges that the Complaint and each and every claim contained therein is barred by the
12 doctrine of unclean hands.

13   AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant
14 alleges that the Complaint and each and every claim contained therein is barred by the
15 doctrine of waiver.

16   AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant
17 alleges that the Complaint and each and every claim contained therein is barred by the
18 Plaintiff's fraudulent and bad faith conduct.

19   AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant
20 alleges that Plaintiff's Complaint, and each and every claim contained therein, is barred
21 in that Plaintiff would be unjustly enriched by their receipt of any recovery prayed for in
22 their Complaint.

23   AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant
24 alleges that, if Plaintiff has in fact sustained any loss, injury, damage, or detriment as
25 alleged in his Complaint, that loss, injury, damage, or detriment was caused by Plaintiff's

26

27

DEFENDANT ALEXANDER VON WELCZECK'S
ANSWER TO PSI CORPORATION'S COMPLAINT
CASE NO. C 07-02869 SBA

1  own lack of good business judgment, or Plaintiff's own business mismanagement, and
2  not by reason of any act or omission of the Defendant.
3  AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant
4  alleges that Plaintiff entered into the transaction alleged in its Complaint with full
5  knowledge and appreciation of the risks attendant thereto and knowingly assumed and
6  consented to the risks, if any.
7  AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant
8  alleges that Plaintiff's Complaint, and each and every claim contained therein, is barred
9  as any damages or detriment alleged in the Complaint were caused by persons or
10 organizations other than the Defendant.
11 AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant
12 alleges that Plaintiff's reliance, if any, upon alleged representations to have been made by
13 the Defendant was not justified.
14 AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant
15 alleges that the Complaint, and each and every claim contained therein, is barred as
16 Plaintiff failed to fulfill its duty of inquiry.
17 AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant
18 alleges that the Complaint, and each and every claim alleged therein, is barred because
19 Plaintiff consented to, and/or ratified the alleged acts of Defendant, if any, and therefore
20 may not complain thereof.
21 AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant
22 alleges that the Complaint, and each and every claim contained therein, is barred because
23 any damages alleged to have been suffered by Plaintiff were not proximately caused by
24 Defendant's alleged conduct, but by Plaintiff's own conduct, acts, or omissions.
25
26
27

DEFENDANT ALEXANDER VON WELCZECK'S
ANSWER TO PSI CORPORATION'S COMPLAINT
CASE NO. C 07-02869 SBA

1       AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has suffered no economic damage as a result of any alleged acts and/or omissions of the Defendant.

      AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to mitigate its damages, if any there were.

      AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's allegations in support of its claim for punitive damages are insufficient to justify the award of any such damages.

      AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that, if Defendant is adjudged liable for money damages, which liability is expressly denied, said amount should be offset by the amount of money owed to Defendant by Plaintiff which Plaintiff has not paid upon demand.

      WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff take nothing by its Complaint herein and that the Complaint be dismissed in its entirety with prejudice;
2. That Defendant be awarded his actual attorneys' fees and costs of suit incurred herein;
3. For such other and further relief as this Court may deem just and proper.

Dated: June 26, 2007            CORNERSTONE LAW GROUP

By: _____/S/_____
      Harry Lewis
      Attorneys for Defendant
      ALEXANDER VON WELCZECK and
      HENRY LO