1  HARRY G. LEWIS (STATE BAR NO. 157705)
   BRIAN V. DONNELLY (STATE BAR NO. 162987)
2  CHRISTINA PARK (STATE BAR NO. 236480)
   CORNERSTONE LAW GROUP
3  595 Market Street, Suite 2360
   San Francisco, CA  94105
4  Telephone:  (415) 974-1900
   Facsimile:    (415) 974-6433
5

6  Attorneys for Defendants and
   Cross-Complainants ALEXANDER
7  VON WELCZECK and HENRY LO

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10 **OAKLAND DIVISION**

| | |
|---|---|
| PSI CORPORATION (f/k/a FRIENDLYWAY CORPORATION, f/k/a BIOFARM, INC.), | **CASE NO. C 07-02869 SBA** |
| PLAINTIFF,<br>vs.<br>ALEXANDER VON WELCZECK, HENRY LO, MICHAEL DRAPER and FRIENDLYWAY AG,<br>DEFENDANTS. | **DEFENDANTS ALEXANDER VON WELCZECK'S AND HENRY LO'S CROSS-COMPLAINT AGAINST PSI CORPORATION** |
| FRIENDLYWAY, INC., KARL JOHANNNSMEIER, PACIFIC CAPSOURCE, INC., and DERMA PLUS, INC.,<br>NOMINAL DEFENDANTS | |
| ALEXANDER VON WELCZECK and HENRY LO<br>CROSS-COMPLAINANTS,<br>vs.<br>PSI CORPORATION (f/k/a FRIENDLYWAY CORPORATION, f/k/a BIOFARM, INC.),<br>CROSS-DEFENDANT. | |

Page 1

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants and Cross-Complainants ALEXANDER VON WELCZECK ("Welczeck") and HENRY LO ("Lo") (collectively "Cross-Complainants") hereby counterclaim against Plaintiff and Cross-Defendant PSI CORPORATION f/k/a FRIENDLYWAY CORPORATION, f/k/a BIOFARM, INC. (hereinafter "PSI" or "Counter-Defendant") as follows:

## PARTIES AND JURISDICTION

1.  On or about June 1, 2007, PSI commenced a lawsuit against, among other parties, Welczeck and Lo and other parties in this court and under the above action number (the "Complaint"). By a separate pleading filed concurrently with this Cross-Complaint, Cross-Complainants have denied any and all material allegations in the Complaint and have raised affirmatives defenses thereto.

2.  Cross-Complainant Welczeck is an individual residing in California who, at all times relevant, was the Chief Executive Officer ("CEO") and the majority shareholder of friendlyway, Inc. ("FWI") and its successor Friendlyway Corporation ("FW Corp").

3.  Cross-Complainant Lo is an individual residing California who, at all times relevant, was the Chief Financial Officer of FWI and its successor FW Corp.

4.  Cross-Defendant, on information and belief, is a Nevada corporation with its principal place of business in Colorado Springs, Colorado.

5.  Cross-Defendant has submitted to the jurisdiction of this court by the filing of its Complaint.

## GENERAL ALLEGATIONS

6.  On August 13, 2004, FWI entered into a Stock Exchange Agreement ("SEA") to acquire Biofarm, Inc. ("Biofarm"), a public shell company, as part of a "reverse merger." The SEA established a 3 to 1 share exchange ratio that granted FWI's

1  shareholders an aggregate 75% the resulting company.  Biofarm's shareholders retained
2  the remaining 25%.

3      7.    Biofarm represented to FWI through the closing of the SEA that
4  Biofarm's outstanding capitalization consisted of 6,000,000 shares.  Accordingly, FWI's
5  shareholders received 18,000,000 shares of the merged company and Biofarm's
6  shareholders received 6,000,000.

7      8.    On December 10, 2004, FWI and Biofarm entered into the Closing
8  Agreement consummating the merger transaction.  The merged company then changed its
9  name to FW Corp.

10      9.    The SEA and Closing Agreement were publicly disclosed in Cross-
11  Defendant's Form 10-K and Form 10-Q filings with the Securities and Exchange
12  Commission following the closing ("SEC Filings").

13      10.    In May 2006, FW Corp. acquired Pantel Systems, Inc. ("Pantel"), and the
14  resulting company thereafter changed its name to PSI.  As part of this merger, Cross-
15  Defendant agreed to assume all of the liabilities of its predecessor FW Corp.

16      11.    Following the closing of the FW Corp. merger with Pantel, Pantel's sole
17  shareholder became the majority and controlling shareholder of Cross-Defendant, as well
18  as its President, and CEO.  Soon thereafter, Welczeck and Lo were dismissed from
19  Cross-Defendant's Board of Directors and from their positions as CEO and CFO.

## LEGAL CLAIMS

### FIRST CLAIM

**(Breach of Contract regarding Promissory Note – Cross-Complainant Welczeck)**

23      12.    Cross-Complainants reincorporate and reallege by this reference as though
24  more fully set forth all the preceding and subsequent allegations of this Cross-Complaint.

25      13.    As part of the merger of FWI and Biofarm, Cross-Defendant repurchased
26  1,633,334 shares of its common stock from Welczeck on or about October 31, 2004 for

27

1  $367,500. Cross-Defendant paid Welczeck for these shares by issuing him a promissory
2  note in the amount of $367,500 ("the Note").
3      14.    In July 2005, a portion of the Note in the amount of $200,000 was
4  converted to 454,545 shares of common stock of Cross-Defendant. The remaining
5  portion of the Note, $167,500 plus accrued interest of $26,613, was converted into a new
6  promissory note in the amount of $194,113 ("New Note"). The New Note bears interest
7  at 6% per annum and matures on June 30, 2008.
8      15.    Welczeck has performed all conditions, covenants, and promises required
9  to be performed by him in accordance with the terms and conditions of the Note and New
10  Note.
11      16.    Cross-Defendant has breached the Note and New Note by refusing to issue
12  the stock to Welczeck, repudiating its obligations to Welczeck under the Note, and by
13  filing the Complaint seeking rescission of all exchanges of securities between Cross-
14  Complainant and Cross-Defendant.
15      WHEREFORE, Cross-Complainant Welczeck prays for relief against Cross-
16  Defendant as hereinafter set forth.

17  **SECOND CLAIM**
18  **(Breach of Contract regarding SEA/Closing Agreement –**
19  **Cross-Complainants Welczeck and Lo)**

20      17.    Cross-Complainants reincorporate and reallege by this reference as though
21  more fully set forth all the preceding and subsequent allegations of this Cross-Complaint.
22      18.    Biofarm disclosed at the time of the Closing Agreement and in Cross-
23  Defendant's subsequent SEC Filings that it had 6,978,130 outstanding shares of common
24  stock, rather than the 6,000,000 shares disclosed to FWI in the SEA.

19.     FWI shareholders, including Cross-Complainants, are therefore entitled to 2,934,930 additional shares of Cross-Defendant's common stock pursuant to the terms of the SEA.

20.     Cross-Complainants have performed all conditions, covenants, and promises required to be performed by them in accordance with the terms and conditions of the the SEA and Closing Agreement.

21.     Cross-Defendant has breached the SEA and Closing Agreement by refusing to issue to Cross-Complainants the shares of common stock to which they are entitled, repudiating its obligations to Complainants under the SEA and Closing Agreement to issue said stock, and by filing the Complaint seeking rescission of all exchanges of securities between Cross-Complainant and Cross-Defendant.

WHEREFORE, Cross-Complainants pray for relief against Cross-Defendant as hereinafter set forth.

### THIRD CLAIM

### (Breach of Contract regarding FW Corp./Pantel Merger – Cross-Complainant Welczeck)

22.     Cross-Complainants reincorporate and reallege by this reference as though more fully set forth all the preceding and subsequent allegations of this Cross-Complaint.

23.     FW Corp. maintained a $50,000 line of credit guaranteed by Welczeck's parents Annette and Rocky von Welczeck ("Line of Credit").  As of April 30, 2006, FW Corp. had $49,851 outstanding against this line of credit.

24.     Cross-Defendant agreed, pursuant to the FW Corp./Pantel merger to assume all liabilities of FW Corp.

25.     Welczeck has performed all conditions, covenants, and promises required to be performed by him in accordance with the terms and conditions of the merger agreement between FW Corp. and Pantel.

26. Cross-Defendant has breached the merger agreements between FW Corp. and Pantel by failing to assume the Line of Credit.

WHEREFORE, Cross-Complainant Welczeck prays for relief against Cross-Defendant as hereinafter set forth.

### FOURTH CLAIM

### (Unjust Enrichment – Cross-Complainants Welczeck and Lo)

27. Cross-Complainants reincorporate and reallege by this reference as though more fully set forth all the preceding and subsequent allegations of this Cross-Complaint.

28. As described above, Cross-Defendant has failed to fulfill its contractual obligations to Cross-Complainants and has been unjustly and unlawfully enriched at the expense of Cross-Complainants.

29. Had Cross-Complainants known that Cross- Defendant would not honor its obligations under the contracts, Defendant would not have entered into the contracts.

WHEREFORE, Cross-Complainants pray for relief against Cross-Defendant as hereinafter set forth.

### **PRAYER**

WHEREFORE, Cross-Complainant prays for judgment against Cross-Defendant as follows:

1. For an order compelling Cross-Defendant to issue to Welczeck 454,545 shares of PSI common stock and to pay him $194,113 plus interest at the greater of the rate set forth in the note or the statutory rate;

2. For an order compelling Cross-Defendant to issue to FWI's former shareholders, including Cross-Complainants, 2,934,930 shares of PSI common stock.

3. For an order compelling Cross-Defendant to assume and satisfy all liabilities under the Line of Credit.

4. For Cross-Complainant's attorneys fees and costs of suit incurred in this action; and

5. For such other and further relief as the Court may deem proper.

Dated: June 26, 2007                    CORNERSTONE LAW GROUP


                                        By: _____/S/_____
                                            Harry Lewis
                                            Attorneys for Defendant
                                            ALEXANDER VON WELCZECK and
                                            HENRY LO

DEFENDANTS ALEXANDER VON WELCZECK'S AND HENRY LO'S
CROSS-COMPLAINT AGAINST PSI CORPORATION
CASE NO. C 07-02869 SBA