| | |
|---|---|
| 1 | Daniel D. Harshman (SBN# 177139) |
| 2 | Cozen O'Connor |
|   | 425 California Street, Suite 2400 |
| 3 | San Francisco, CA 94104 |
| 4 | Telephone: (415) 617-6100 |
|   | Facsimile: (415) 617-6101 |
| 5 | E-mail: dharshman@cozen.com |
| 6 | |
|   | Attorneys for Plaintiff |
| 7 | PSI Corporation |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND BRANCH

| | |
|---|---|
| PSI CORPORATION (f/k/a/ FRIENDLYWAY CORPORATION, f/k/a BIOFARM, INC.), <br><br> Plaintiff, <br><br> vs. <br><br> ALEXANDER VON WELCZEK, HENRY LO, MICHAEL DRAPER, and FRIENDLYWAY AG, <br><br> Defendants. | Case No. C 07-02869 SBA <br><br> PSI CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANTS VON WELCZEK'S AND LO'S CROSS-COMPLAINT <br><br> **JURY TRIAL DEMANDED** <br><br> Date : September 11, 2007 <br> Time : 1:00 p.m. <br> Dept. : Courtroom 3, Third Floor |
| FRIENDLYWAY, INC., KARL JOHANNSMEIER, PACIFIC CAPSOURCE, INC., and DERMA PLUS, INC., <br><br> Nominal Defendants. | |

**PLEASE TAKE NOTICE** that on September 11, 2007, at 1:00 p.m. in Courtroom 3, Third Floor, United States District Courthouse, Oakland Division, 1301 Clay Street, Suite

1

400 South, Oakland, California 94612-5212, Plaintiff PSI Corporation (f/k/a Friendlyway Corporation, f/k/a Biofarm, Inc.) will move this Court for an Order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing Counts Two, Three and Four of Defendants Alexander von Welczeck's and Henry Lo's Cross-Complaint [Docket No. 28]. The grounds for the Motion to Dismiss[1] are:

1.   Count Two of the Cross-Complaint fails to state a claim on which relief can be granted because the pleadings and the written contracts upon which Count Two is expressly based demonstrate that Count Two is time-barred by the 2 year contractual limitations period appearing on the Share Exchange Agreement;

2.   Count Three of the Cross-Complaint fails to state a claim on which relief can be granted for four principal reasons. First, Count Three is a logical nullity, for it accuses PSI of failing to assume a liability that was already PSI's. Second, Count Three asserts a breach of the April 2006 merger agreement between PSI and a third-party, but that written, integrated agreement does not express the agreement PSI allegedly breached, and Defendants were not parties to that agreement. Third, Count Three asserts a breach of an

---

[1] PSI will answer the allegations in Count One after resolution of this Motion to Dismiss so as to prevent "duplicative sets of pleadings" and to avoid "confusion over the proper scope of discovery during the motion's pendency." 5B Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1346; *Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002) (majority rule holds "that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion"); *Batdorf v. Trans Union*, 2000 WL 635455, at *5 (N.D. Cal. May 8, 2000) (same).

2

PSI CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANTS VON WELCZECK'S AND LO'S CROSS-COMPLAINT – CASE NO. C 07-02869 SBA

agreement to pay the debt of another, but Defendants' pleading fails to aver an enforceable written agreement to satisfy the applicable Statute of Frauds. Finally, Count Three seeks to redress a wrong alleged committed against Defendant Welczeck's parents, not Defendants. Accordingly, Defendants lack standing to assert Count Three.

3. Count Four of the Cross-Complaint fails to state a claim upon which relief can be granted because where there is a written contract between the parties, California law does not recognize a separate or additional cause of action for unjust enrichment. Equitable, implied or quasi-contract claims are not recognized in California law where there exists a written contract between the parties covering the same subject matter.

The Motion to Dismiss will be based upon this Notice of Motion and Motion to Dismiss, the Request for Judicial Notice, the Memorandum of Points and Authorities, the Proposed Order of Court and upon such other additional arguments and evidence as may be presented at the time of hearing.

COZEN O'CONNOR

Dated: July 16, 2007

By: s/Daniel D. Harshman
Daniel D. Harshman
Attorneys for Plaintiff
PSI Corporation

SAN_FRANCISCO\41746\1  198844.000