CARL LIPPENBERGER (SBN 66606)
LIPPENBERGER, THOMPSON, WELCH, SOROKO & GILBERT LLP
201 Tamal Vista Blvd
Corte Madera, CA 94925
(415) 927-5200

Attorneys for Nominal Defendant Karl Johannsmeier

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORIA

| | |
|---|---|
| PSI CORPORATION, f/k/a FRIENDLYWAY CORPORATION, f/k/a BIOFARM, INC. <br><br> Plaintiff, <br><br> v. <br><br> ALEXANDER VON WELCZEK, HENRY LO, MICHAEL DRAPER, and FRIENDLYWAY AG <br><br> Defendants. | No. C 07 2869 SBA <br><br> **ANSWER** |
| FRIENDLYWAY, INC., KARL JOHANNSMEIER, PACIFIC CAPSOURCE, INC., AND DERMA PLUS, INC., <br><br> Nominal Defendants. | |

Nominal defendant Karl Johannsmeier responds to the Complaint in this action as follows:

### NATURE OF ACTION

1. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraph 1, and on that ground, denies those allegations.

2. Answering paragraph 2, Nominal Defendant admits that plaintiff acquired FWI

pursuant to a written Share Exchange Agreement. Nominal defendant alleges that the agreement speaks for itself. Nominal Defendant does not have sufficient information or belief to answer the remaining allegations of paragraph 2, and on that ground, denies those allegations.

3. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraphs 3 through 6, and on that ground, denies those allegations.

## PARTIES

4. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraphs 7 through 12 and on that ground, denies those allegations.

5. Nominal Defendant admits that allegations of paragraph 13.

6. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraphs 14 and 15 and on that ground, denies those allegations.

## JURISDICTION AND VENUE

7. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraphs 16 and 17 and on that ground, denies those allegations.

## INTRADISTRICT ASSIGNMENT

8. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraph 18 and on that ground, denies those allegations.

## FACTUAL ALLEGATIONS

9. Answering paragraph 19, Nominal Defendant admits that FWI was a corporation located in San Francisco and that it provided electronic self service systems to business. Nominal Defendant does not have sufficient information or belief to answer the remaining allegations of paragraph 19, and on that ground, denies those allegations.

10. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraphs 20 and 21 and on that ground, denies those allegations.

11. Answering paragraph 22, Nominal Defendant admits that FWI wanted a "reverse merger" to provide capital. Nominal Defendant does not have sufficient information or belief

to answer the remaining allegations of paragraph 22, and on that ground, denies those allegations.

12. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraphs 23 through 36, and on that ground, denies those allegations.

13. Answer paragraph 37, Nominal Defendant admits that plaintiff and others made a Share Exchange Agreement providing for the exchange of shares of plaintiff for shares of FWI. Nominal defendant alleges that the agreement speaks for itself. Nominal Defendant denies the remaining allegations of paragraph 37.

14. Answering paragraph 38, Nominal Defendant alleges that the Share Exchange Agreement speaks for itself. Nominal Defendant denies the remaining allegations of paragraph 38.

15. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraphs 39 through 44, and on that ground, denies those allegations.

16. Answering paragraph 45, Nominal Defendant admits that plaintiff and FWI entered into a Closing Agreement. Nominal Defendant alleges that the Closing Agreement speaks for itself. Nominal Defendant does not have sufficient information or belief to answer the remaining allegations of paragraph 45, and on that ground, denies those allegations.

17. Answering paragraph 46, Nominal Defendant admits that he was a FWI shareholder. Nominal Defendant alleges that the Closing Agreement speaks for itself. Nominal Defendant denies the remaining allegations of paragraph 46.

18. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraphs 47 through 49, and on that ground, denies those allegations.

19. Answering paragraph 50, Nominal Defendant admits that he presently owns two million shares of stock in plaintiff. Nominal Defendant does not have sufficient information or belief to answer the remaining allegations of paragraph 50, and on that ground, denies those allegations.

20. Nominal Defendant does not have sufficient information or belief to answer the

allegations of paragraphs 51 through 62, and on that ground, denies those allegations.

## COUNT I

21. Answering paragraph 63, Nominal Defendant realleges and incorporates his answers to paragraphs 1 through 62.

22. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraphs 64 through 69, and on that ground, denies those allegations.

## COUNT II

23. Answering paragraph 70, Nominal Defendant realleges and incorporates his answers to paragraphs 1 through 69.

24. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraphs 71 and 72, and on that ground, denies those allegations.

## COUNT III

25. Answering paragraph 73, Nominal Defendant realleges and incorporates his answers to paragraphs 1 through 72.

26. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraphs 74 through 77 and on that ground, denies those allegations.

## COUNT IV

28. Answering paragraph 78, Nominal Defendant realleges and incorporates his answers to paragraphs 1 through 77.

27. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraphs 79 through 82, and on that ground, denies those allegations.

## COUNT V

28. Answering paragraph 83, Nominal Defendant realleges and incorporates his answers to paragraphs 1 through 82.

29. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraphs 84 through 89, and on that ground, denies those allegations.

/ /

## COUNT VI

30. Answering paragraph 90, Nominal Defendant realleges and incorporates his answers to paragraphs 1 through 89.

31. Answering paragraph 91, Nominal Defendant admits that plaintiff and others made an SEA. Nominal defendant alleges that the agreement speaks for itself. Nominal Defendant denies the remaining allegations of paragraph 91.

32. Answering paragraph 92, Nominal Defendant alleges that the SEA speaks for itself. Nominal Defendant denies the remaining allegations of paragraph 92.

33. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraph 93, and on that ground, denies those allegations.

34. Answering paragraph 94, Nominal Defendant admits that plaintiff and FWI entered into a Closing Agreement. Nominal Defendant alleges that the Closing Agreement speaks for itself. Nominal Defendant denies the remaining allegations of paragraph 94.

35. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraphs 95 through 98, and on that ground, denies those allegations.

## COUNT VII

36. Answering paragraph 99, Nominal Defendant realleges and incorporates his answers to paragraphs 1 through 98.

37. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraphs 100 through 104, and on that ground, denies those allegations.

## COUNT VIII

38. Answering paragraph 105, Nominal Defendant realleges and incorporates his answers to paragraphs 1 through 104.

39. Nominal Defendant does not have sufficient information or belief to answer the allegations of paragraphs 106 through 110, and on that ground, denies those allegations.

//

//

### FIRST AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff waived its right to rescind by accepting the benefits of the Share Exchange Agreement while the business of FWI deteriorated.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

This action is barred by the statute of limitations because plaintiff filed it more than one year after discovery of the facts alleged in the complaint.

### THIRD AFFIRMATIVE DEFENSE

(Laches)

This action is barred by laches because plaintiff delayed in filing this action and Nominal Defendant was prejudiced by the delay.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff has failed to make reasonable efforts to mitigate its damages.

**WHEREFORE,** Nominal Defendant Karl Johannsmeier prays for judgment as follows:

1. That plaintiff take nothing by way of its complaint;
2. For attorney's fees and costs of suit in this action; and
3. For such other and further relief as the court may deem proper.

Dated: September 7, 2007

LIPPENBERGER, THOMPSON, WELCH
SOROKO & GILBERT LLP

by _/s/ Carl Lippenberger_
Carl Lippenberger
Attorneys for Nominal Defendant Karl Johannsmeier

1010DR.1287

6

J5640.3