Daniel D. Harshman (SBN# 177139)
Cozen O'Connor
425 California Street, Suite 2400
San Francisco, CA  94104
Telephone:  (415) 617-6100
Facsimile: (415) 617-6101
E-mail: dharshman@cozen.com

*Attorneys for PSI Corporation*

Harry G. Lewis (SBN# 157705)
Cornerstone Law Group
595 Market Street, Suite 2360
San Francisco, CA  94105
Telephone:  (415) 974-1900
Facsimile:   (415) 974-6433

Attorneys for Defendants and Cross-Complainants
ALEXANDER VON WELCZECK And HENRY LO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PSI CORPORATION (f/k/a/ FRIENDLYWAY CORPORATION, f/k/a BIOFARM, INC.), <br><br> Plaintiff, <br><br> vs. <br><br> ALEXANDER VON WELCZECK, HENRY LO, MICHAEL DRAPER, and FRIENDLYWAY AG, <br><br> Defendants. | Case No. C 07-02869-SBA <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Case Management Conference <br> Date:  September 26, 2007 <br> Time:  2:30 P.M. (PST) <br> Via Telephone |
| FRIENDLYWAY, INC., KARL JOHANNSMEIER, PACIFIC CAPSOURCE, INC., and DERMA PLUS, INC., <br><br> Nominal Defendants. | |
| AND RELATED COUNTER-CLAIMS | |

- and -

1

2

3

4

5

6

7

FRIENDLYWAY, AG, a German corporation,

               Plaintiff,

      vs.

PSI CORPORATION, a Nevada corporation f/k/a
FRIENDLYWAY CORPORATION f/k/a
BIOFARM, INC.; and DOES 1-20,

               Defendant.

Case No. 4:07-CV-02990- SBA

**JOINT CASE MANAGEMENT
STATEMENT**

Case Management Conference
Date:  September 26, 2007
Time:  2:30 P.M. (PST)
Via Telephone

8

9

10

11

12

     **1.**    **Jurisdiction and Service**:

     The Court has subject-matter jurisdiction over this action, because certain of the claims in this action arise under the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 77-78 et seq.  The Court also has subject-matter jurisdiction over this action, because the action is between citizens of different states.

13

14

15

     The parties except Johannsmeier state that no issues exist related to personal jurisdiction or venue.  All defendants have been served.

16

17

     Johannsmeier does not know whether the court has subject matter jurisdiction.

18

19

     **2.**    **Facts**:

20

21

     The parties have exchanged their account of the facts and have not been able to reach agreement.  Thus, separate accounts of the facts are set forth below:

22

     **PSI's Factual Allegations**

23

24

25

26

27

28

     As discussed in Section 12 below, PSI Corporation ("PSI") and friendlyway AG ("FWAG") have reached a settlement of all claims between them in these related actions. Accordingly, the statement of facts is limited to PSI's claims against Alexander von Welczeck, Henry Lo, Michael Draper, and Nominal Parties friendlyway, Inc, Karl Johannsmeier, Pacific Capsource, Inc., and Derma Plus, Inc.

1

2   This action concerns, and seeks to undo, a fraud perpetrated on PSI, a publicly-owned

3   company, by several persons and entities, acting in concert.  In December 2004, PSI

4   acquired Nominal Party friendlyway, Inc. ("FWI"), a private company, from its

5   shareholders Alexander von Welczeck, Henry Lo, Michael Draper and friendlyway AG

6   (the "FWI Shareholders") and the remaining Nominal Parties (Karl Johannsmeier, Pacific

7   Capsource, Inc., and Derma Plus, Inc.), in a stock-for-stock deal valued at $9 million.

8

9   The FWI Shareholders, each of whom controlled and/or held stock in FWI, had been

10  seeking a public "shell" company, into which to merge their privately-held operations.

11  They sought public company status to gain access to public financing, to fund a failing

12  and unprofitable business.  PSI, which at the time was such a public "shell" company,

13  was a perfect candidate, especially in that Draper held stock in PSI as well as FWI and

14  advised several of PSI's shareholders.

15

16  To convince PSI to acquire their business, however, Lo, Welczeck, and Draper resorted

17  to fraud.  Over the course of nearly a year, they repeatedly represented to PSI that FWI's

18  business was growing, that it was earning a profit, that its balance sheet was balanced,

19  that FWI had earned record revenues by the time of the merger, that they already had

20  arranged for additional investors to join after the merger, that they had no intentions to

21  further distribute the stock they would receive in the merger, and that they would not

22  dilute the investment of PSI's original, existing shareholders.  Each of these repeated

23  representations was false when made.  Indeed, the company the FWI Shareholders

24  delivered to PSI was on its deathbed.  Its balance sheet was dramatically out of balance, it

25  had posted a record *loss* for the year of supposed record revenues, and it had incurred

26  significant and extraordinary liabilities and expenses.  In short, in exchange for its $9

27  million, PSI received nothing.  In fact, it received worse.

28

Lo's, Welczeck's, and Draper's fraud was successful. Relying on their misrepresentations, PSI consummated the acquisition, acquired all the stock of FWI, and issued 18 million shares (or $9 million worth) to the FWI Shareholders. Welczeck, Lo, and FWAG took control of PSI, which they held until recently. PSI now seeks to undo this swindle, rescind the acquisition, recover its 18 million shares of its own stock, and recover its losses.

The FWI Shareholders dispute that they made any misrepresentations to PSI prior to closing on the acquisition. Instead, the FWI Shareholders believe that PSI was accurately informed of FWI's operating and financial performance as well as its liabilities prior to and through closing.

**Lo and Welczeck's Factual Allegations Regarding Counter-Claim**

Lo and Welczeck have filed a counter-claim against PSI alleging that it breached the merger agreement between FWI and Biofarm Inc. (PSI's ultimate predecessor) and a promissory note issued to Welczeck. Biofarm represented to FWI in the SEA that Biofarm's outstanding capitalization consisted of 6,000,000 shares. Accordingly, FWI's shareholders received 18,000,000 shares of Biofarm and Biofarm's shareholders received 6,000,000. Welczeck received 8,659,999 and Lo received 900,000 of the 18,000,000 aggregate shares received by FWI shareholders. Section 10.2 of the Share Exchange Agreement ("SEA") provided that, if it was later determined that Biofarm had more than 6,000,000 outstanding shares of stock, FWI shareholders would be issued additional shares so that the aggregate number of shares held by FWI was three times the number of shares held by the Biofarm shareholders.

On December 10, 2004, FWI and Biofarm entered into the Closing Agreement consummating the merger transaction. Biofarm disclosed at the time of the execution of

the Closing Agreement that it had 6,978,130 outstanding shares of common stock. FWI shareholders, including Lo and Welczeck, were therefore entitled to be issued an additional 2,934,390 (978,130 x 3) shares pursuant to Section 10.2 of the SEA. PSI has refused to issue these shares to Lo and Welczeck .

FWI repurchased 1,633,334 shares of its common stock from Welczeck on or about October 31, 2004 for $367,500. FWI paid Welczeck for these shares by issuing him a promissory note in the amount of $367,500 ("the Note"). In July 2005, a portion of the Note in the amount of $200,000 was converted to 454,545 shares of common stock of FW Corp. The remaining portion of the Note, $167,500 plus accrued interest of $26,613, was converted into a new promissory note in the amount of $194,113 ("New Note"). On August 15, 2006, FW Corp. (the immediate predecessor to PSI), announced that it had "cancelled" the issuance of 15,560,000 shares of its stock including those shares held by Welczeck and Lo.

**Johannsmeier's Factual Account**

Johannsmeier was a shareholder of friendlyway, Inc. and exchanged his shares for PSI shares in a "reverse merger." PSI now contends that it entered the reverse merger as a result of the fraud of other defendants, which they deny, but it does not contend that Johannsmeier committed any fraud. PSI seeks rescission of the reverse merger and apparently wants Johannsmeier to return his PSI shares in exchange for friendlyway shares. Johannsmeier has little, if any, information about the reverse merger, but he does contend that PSI is not entitled to rescission because it accepted the benefits of the merger and failed to seek rescission while the business of friendlyway, Inc. deteriorated."

3.  **Legal Issues**:

The parties have identified no disputed points of law.

4. **Motions**:

PSI has filed several motions in this litigation.

On June 5, 2007, PSI filed an ex parte Motion for a Temporary Restraining Order against FWAG, Welczeck, Henry Lo and Michael Draper. The Court denied PSI's motion on June 8, 2007.

On June 6, 2007 PSI filed Motions for Leave to Appear in Pro Hac Vice for George M. Gowen III and David A. Felice. The Court granted these motions on June 15, 2007.

On July 12, 2007 PSI filed a Motion to Consolidate *PSI Corporation v. Von Welczeck et al* Case No. C 07-02869-SBA and *friendlyway, AG v. PSI Corporation and DOES 1-20* Case No. 4:07-CV-02990-SBA. The Court granted this motion on August 2, 2007.

On July 16, 2007 PSI filed a Motion to Dismiss Alexander von Welczeck and Henry Lo's Cross-Complaint Against PSI Corporation. On September 5, 2007, Welczeck and Lo filed an Amended Cross-Complaint, and on September 7, 2007, the Court issued an order denying the motion as moot.

On August 22, 2007, PSI filed Motions for Entry of Default against Michael Draper and Nominal Party Derma Plus, Inc. The next day, August 23, 2007, the Clerk entered a Notice of Entry of Default as to each Draper and Derma Plus, Inc. PSI and Draper, and PSI and Derma Plus, Inc. have agreed to stipulate to the setting aside each of the default judgments.

Presently, no dispositive motions are pending. PSI Corporation intends file a Motion to Dismiss Alexander von Welczeck and Henry Lo's First Amended Cross-Complaint

1    Against PSI Corporation, pursuant to Federal Rule of Civil Procedure 12(b)(6).  PSI

2    contends that Count II of the Cross-Complaint — for Breach of Contract — should be

3    dismissed because it is time-barred by the very terms of the contract Welczeck and Lo

4    allege PSI breached.  *Han v. Mobil Oil Corp.*, 73 F.3d 872, 877 (9th Cir. 1995).  PSI

5    contends that Count III of the Cross-Complaint — for Unjust Enrichment — should be

6    dismissed because (1) under California law there is no cause of action for unjust

7    enrichment; *City of Oakland v. Comcast Corp.*, 2007 WL 518868, at *4 (N.D. Cal. 2007)

8    (quoting *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1490, 49 Cal. Rptr. 3d

9    227 (2006)); and (2) to the extent that Welczeck and Lo have alleged a breach of implied-

10    in-fact contract or quasi contract, such allegations are inappropriate because the subject

11    matter of their allegations are already covered in their breach of contract claims.  *Lance*

12    *Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203, 51 Cal. Rptr. 2d

13    622 (1996).  Finally, PSI contends Count IV of the Cross-Complaint — for Conversion

14    — should be dismissed because Welczeck and Lo are merely attempting to recast their

15    breach of contract claims as tort claims, and such is not permitted under California law.

16    *Aas v. Superior Court*, 24 Cal. 4th 627, 643, 12 P.3d 1125, 1135, 101 Cal. Rptr. 2d 718,

17    729 (2000) ("A person may not ordinarily recover in tort for the breach of duties that

18    merely restate contractual obligations.")

19

20    **5.    Amendment of Pleadings:**

21    The parties do not currently anticipate the amendment of any pleadings.

22

23    **6.    Evidence Preservation:**

24    PSI has stopped destruction of all potentially relevant paper documents.  In addition, PSI

25    has copied all potentially relevant email servers and user files.  Lo and Welczeck have

26    also been instructed to produce all potentially relevant evidence for preservation by their

27    counsel.

28

7.    **Disclosures:**

PSI, Lo and Welczeck have provided their Rule 26(a) disclosures to the other parties. Their Rule 26(a) initial disclosures are attached to this Joint Case Management Statement.

The remaining parties have not yet provided their Rule 26(a) disclosures to the other parties. Johannsmeier will submit his initial disclosures prior to the Case Management Conference.

8.    **Discovery:**

The parties intend to take fact discovery on several topics, including: (1) the communications between the parties during the negotiation and consummation of PSI's acquisition of FWI; (2) the financial condition of FWI; and (3) the post-acquisition events relevant to Welczeck's and Lo's claims (should those claims survive PSI's forthcoming motion to dismiss). The parties have agreed to a February 14, 2008 fact discovery deadline.

The parties also believe that expert reports will be necessary in this case. The parties have agreed to an April 30, 2008 expert discovery deadline.

Requests for production of documents shall be treated as requests for paper and electronic documents. Electronic documents that contained privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production. All copies shall be returned or destroyed by the receiving party.

The parties do not anticipate any issues related to privilege.  The parties will provide a privilege log for any materials deemed privileged and not produced.  If any party objects to a privilege designation, that party can take the issue up with the Court.

The parties do not request any limitations on discovery beyond those imposed by Federal and Local Rules of Civil Procedure.  The parties do not believe at this time that any orders will be necessary under Rule 26(c); however, the parties reserve the right to re-visit this issue as the litigation progresses.

9.     **Class Actions:**

This is not a class action.

10.    **Related Cases:**

*PSI Corporation v. Von Welczeck et al* Case No. C 07-02869-SBA and *friendlyway, AG v. PSI Corporation and DOES 1-20* Case No. 4:07-CV-02990-SBA, are related.  The parties to *friendlyway, AG v. PSI Corporation and DOES 1-20* Case No. 4:07-CV-02990-SBA have reached settlement and have stipulated to its dismissal.  The parties are unaware of any other related cases.

11.    **Damages:**

PSI seeks injunctive relief restricting the FWI Shareholders from transferring PSI's stock to anyone except PSI and ordering the FWI Shareholders to return the stock to PSI.  PSI also seeks monetary damages in the amount of $9 million for the economic injuries it suffered as a result of the actions of the FWI Shareholders.  PSI also seeks punitive damages.

Lo and Welczeck seek issuance of their proportionate share of the 2,934,930 shares of PSI common stock due to them pursuant to the merger agreement.  Welczeck, in addition,

seeks issuance of 454,545 shares of PSI common stock and payment of $194,113 owing under the New Note.  Lo and Welczeck also seek recovery of their attorneys fees under the SEA and punitive damages.

**12.    Settlement and ADR:**

PSI has discussed settlement with counsel for each of the FWI Shareholders.

PSI and FWAG have reached a settlement that, among other things, provides for the stipulated dismissal with prejudice of the entire action friendlyway, AG v. PSI Corporation and DOES 1-20, Case No. 4:07-CV-02990-SBA and for the stipulated dismissal with prejudice of defendant FWAG from the action PSI Corporation v. Von Welczeck et al, Case No. C 07-02869-SBA.

The parties, except Johannsmeier, Welczeck and Lo, do not believe that this matter is suitable for ADR.  Welczeck and Lo believe that a mediation may help settle the action. Johannsmeier does not know whether this matter is suitable for ADR, but if the other parties do not believe it is, it probably is not.

**13.    Consent to Magistrate for All Purposes:**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.    Other References:**

The parties do not believe that this matter is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues:**

The parties do not believe that any issues can be narrowed by agreement or motion at this time.

**16.    Expedited Basis:**

The parties propose that this matter be handled on an expedited basis.

**17.    Scheduling:**

The parties propose the following dates:

| | |
|---|---|
| Fact Discovery Deadline: | February 15, 2008 |
| Plaintiff and Cross-Claim Plaintiff Expert Reports Due: | March 14, 2008 |
| Defendant and Cross-Claim Defendant Rebuttal Expert Reports Due: | March 28, 2008 |
| Expert Discovery Deadline: | April 30, 2008 |
| Dispositive Motions Due: | May 30, 2008 |

1    Pre-Trial Conference:          June 16, 2008

2

3    Trial:                         June 30, 2008

4

5    **18.   Trial:**

6    PSI has demanded a jury trial.  The parties believe the trial will last 5-10 days.

7

8    **19.   Disclosure of Non-party Interested Entities or Persons:**

9

10   The parties have each filed a Certification of Non-party Interested Entities.  Pursuant to

11   Civil L.R. 3-16, the undersigned re-certify that the following listed persons, associations

12   of persons, firms, partnerships, corporations (including parent corporations) or other

13   entities (i) have a financial interest in the subject matter in controversy or in a party to the

14   proceeding, or (ii) have a non-financial interest in that subject matter or in a party that

15   could be substantially affected by the outcome of this proceeding:

16   The Shareholders of PSI Corporation

17

18                                   COZEN O'CONNOR

19

20   Dated: September 17, 2007        By:   /s/Daniel D. Harshman

21                                          Daniel D. Harshman

22                                          *Attorneys for PSI Corporation*

23

24   Dated: September 17, 2007

25                                   CORNERSTONE LAW GROUP

26                                   By: _____/S/_____

27                                          Harry G. Lewis

28                                          Attorneys for ALEXANDER VON
                                            WELCZECK and HENRY LO

# EXHIBIT "A"

1  HARRY G. LEWIS (STATE BAR NO. 157705)
   BRIAN V. DONNELLY (STATE BAR NO. 162987)
2  CHRISTINA PARK (STATE BAR NO. 236480)
   CORNERSTONE LAW GROUP
3  595 Market Street, Suite 2360
   San Francisco, CA 94105
4  Telephone: (415) 974-1900
   Facsimile: (415) 974-6433
5
6  Attorneys for Defendants and Cross-Complainants
   ALEXANDER VON WELCZECK and HENRY LO
7
8                 UNITED STATES DISTRICT COURT
9               NORTHERN DISTRICT OF CALIFORNIA
10                      OAKLAND DIVISION

11  PSI CORPORATION (f/k/a          CASE NO. C 07-02869 SBA
    FRIENDLYWAY CORPORATION, f/k/a
12  BIOFARM, INC.),
13              PLAINTIFF,           DEFENDANTS ALEXANDER VON
                                     WELCZECK'S AND HENRY LO'S
         vs.                         INITIAL DISCLOSURE STATEMENT
14
15  ALEXANDER VON WELCZECK, HENRY
    LO, MICHAEL DRAPER and
16  FRIENDLYWAY AG,

17              DEFENDANTS.

18  FRIENDLYWAY, INC., KARL
    JOHANNNSMEIER, PACIFIC
19  CAPSOURCE, INC., and DERMA PLUS,
    INC.,
20
                NOMINAL DEFENDANTS
21
    ALEXANDER VON WELCZECK and
22  HENRY LO

23              CROSS-COMPLAINANTS,

         vs.
24
25  PSI CORPORATION (f/k/a
    FRIENDLYWAY CORPORATION, f/k/a
26  BIOFARM, INC.),
                CROSS-DEFENDANT.
27

DEFENDANTS ALEXANDER VON WELCZECK'S AND HENRY LO'S
INITIAL DISCLOSURE STATEMENT
CASE NO. C 07-02869 SBA

1      Defendants and Cross-Complainants ALEXANDER VON WELCZECK ("Welczeck")

2 and HENRY LO ("Lo") (collectively "Defendants") hereby submit this Initial Disclosure

3 Statement pursuant to Federal Rule of Civil Procedure 26(a)(1).

4 **I.**     **Witnesses**

5      Based upon Defendants' current understanding of the facts and circumstances of this

6 action, they identify the following potential individual likely to have discoverable information

7 that Defendants may use to support their claims or defenses:

8      1.     Henry Lo, c/o Cornerstone Law Group, 595 Market Street, Suite 2360, San

9 Francisco, California, 94105; 415-974-1900. The witnesses' discoverable information includes

10 the financial status of Friendlyway, Inc. ("FWI") prior to its merger with Biofarm, Inc.

11 ("Biofarm") (herein referred to as "Merger"), the causes of the merged companies' financial

12 difficulties, and Defendants' claims for additional shares pursuant to the Share Exchange

13 Agreement ("SEA") and Welczeck's claims under the promissory note issued to him by FWI

14 in July 2005 ("Promissory Note").

15      2.     Alexander von Welczeck, c/o Cornerstone Law Group, 595 Market Street, Suite

16 2360, San Francisco, California, 94105; 415-974-1900. The witnesses' discoverable

17 information includes the financial status of FWI prior to its merger with Biofarm, the causes of

18 the merged companies' financial difficulties, and Defendants' claims for additional shares

19 pursuant to the Share Exchange Agreement and Welczeck's claims under the Promissory Note.

20      3.     Klaus Trox, c/o Heller Ehrman LLP, 275 Middlefield Road, Menlo Park,

21 California 94025-3506; 650-324-6779. The witnesses' discoverable information includes the

22 financial status of FWI prior to its merger with Biofarm, and the causes of the merged

23 companies' financial difficulties.

24      Defendants reserve the right to identify additional witnesses upon completion of

25 investigation and discovery in this matter.

26      ///

27

DEFENDANTS ALEXANDER VON WELCZECK'S AND HENRY LO'S
INITIAL DISCLOSURE STATEMENT
CASE NO. C 07-02869 SBA

**II.     Documents, Data Compilations, And Tangible Things.**

Based upon Defendants current understanding of the facts and circumstances of this action, they identify the following category of documents, electronically stored information, and tangible things that they may use to support their claims or defenses:

1.     Documents exchanged between representatives of FWI and Biofarm during the due diligence process preceding the Merger, including financial statements and records, and correspondence and e-mails between representatives of FWI and Biofarm.

2.     Promissory Note.

3.     SEA, including all drafts thereof.

4.     All corporate documents of PSI Corporation's ("PSI"), including, without limitation, its articles of incorporation, bylaws, minutes of meetings of the Board of Directors (including resolutions adopted without a meeting), shareholder actions, and stock ledger.

5.     Biofarm's filings with the U.S. Securities and Exchange Commission ("SEC") during 2004 and 2005.

6.     Friendlyway Corporation's (the predecessor to Plaintiff and Cross-Defendant PSI) filings with the SEC.

7.     Plaintiff and Cross-Defendant PSI's filings with the SEC.

Defendants reserve the right to identify additional documents upon completion of their investigation and discovery in this matter.

Defendants submit the following computation of their claimed damages:

1.     Issuance to Welczeck of 454,545 shares of PSI common stock.

2.     Issuance to Defendants Welczeck and Lo of their respective proportionate share of the 2,934,930 shares of PSI common stock due to them pursuant to Section 10.2 of the SEA.

3.     Payment to Welczeck of $194,113 owing under the Promissory Note, plus interest at the greater of the rate set forth in the note or the statutory rate.

4.     Reimbursement of Defendants' attorneys' fees and costs of suit incurred in this action, as provided for under the SEA.

1    **IV.**    **Insurance Agreements.**

2        None.

3   Dated: September 14, 2007            CORNERSTONE LAW GROUP

4

5                              By: _____

6                              Christina S. Park
                               Attorneys for Defendants

7                                ALEXANDER VON WELCZECK and
                               HENRY LO

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS ALEXANDER VON WELCZECK'S AND HENRY LO'S
INITIAL DISCLOSURE STATEMENT
CASE NO. C 07-02869 SBA

1 | Daniel D. Harshman (SBN# 177139)
Cozen O'Connor
2 | 425 California Street, Suite 2400
San Francisco, CA 94104
3 | Telephone: (415) 617-6100
Facsimile: (415) 617-6101
4 | E-mail: dharshman@cozen.com

5 | *Attorneys for PSI Corporation*

6

7 | **IN THE UNITED STATES DISTRICT COURT**

8 | **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9 | PSI CORPORATION (f/k/a/ FRIENDLYWAY      Case No. C 07-02869-SBA
10 | CORPORATION, f/k/a BIOFARM, INC.),

11 |          Plaintiff,

12 |      vs.                  **PLAINTIFF'S INITIAL**
                                      <u>**DISCLOSURES**</u>
13 | ALEXANDER VON WELCZECK,
14 | HENRY LO, MICHAEL DRAPER,
and FRIENDLYWAY AG,

15

16 |          Defendants.

17 | FRIENDLYWAY, INC., KARL
18 | JOHANNSMEIER, PACIFIC CAPSOURCE,
INC., and DERMA PLUS, INC.,

19

20 |         Nominal Defendants.

21 |                    - and -
FRIENDLYWAY, AG, a German corporation,
22 |                               Case No. 4:07-CV-02990- SBA
         Plaintiff,
23
24 |      vs.

25 | PSI CORPORATION, a Nevada corporation f/k/a
FRIENDLYWAY CORPORATION f/k/a
26 | BIOFARM, INC.; and DOES 1-20,

27 |          Defendant.

28

## PSI CORPORATION'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a), PSI Corporation ("PSI"), provides these initial disclosures to Friendlyway AG, Alexander von Welczeck, Henry Lo, Michael Draper, and Nominal Parties friendlyway, Inc., Karl Johannsmeier, Pacific Capsource, and Derma Plus, Inc.  PSI reserves the right to supplement these disclosures at the end of discovery.

**I.    WITNESSES**

The following persons are likely to have discoverable information that PSI may use to support its claims and defenses:

1.    Allan Esrine c/o George M. Gowen, COZEN O'CONNOR, 1900 Market Street, Philadelphia, PA 19103, 215-665-2000.  Esrine is a former Vice-President and Chief Financial Officer of PSI.  He is a current shareholder.  Esrine has knowledge relevant to the negotiation and consummation of PSI's acquisition of FWI; the financial condition of FWI; and post-acquisition events.

2.    Alexander von Welczeck, c/o Harry G. Lewis, CORNERSTONE LAW GROUP, 595 Market Street, Suite 2360, San Francisco, CA 94105, 415-974-1900.  Welczeck is the former Chief Executive Officer and majority shareholder of FWI.  Welczeck has knowledge relevant to the negotiation and consummation of PSI's acquisition of FWI; the financial condition of FWI; and post-acquisition events.

3.    Henry Lo, c/o Harry G. Lewis, CORNERSTONE LAW GROUP, 595 Market Street, Suite 2360, San Francisco, CA 94105, 415-974-1900.  Lo is the former Chief Financial Officer of FWI.  Lo has knowledge relevant to the negotiation and consummation of PSI's acquisition of FWI; the financial condition of FWI; and post-acquisition events.

4.    Michael Draper, c/o Steven A. Dillick, One Maritime Plaza, Suite 140, San Francisco, CA 94111, 415-399-8777.  Draper is a shareholder of PSI and advisor to two of PSI's largest shareholders .  Draper brought FWI to PSI's attention as a proposed merger partner.  Draper has

knowledge relevant to the negotiation and consummation of PSI's acquisition of FWI and the financial condition of FWI.

5.      Karl Johannsmeier c/o Don Carl Lippenberger, LIPPENBERGER THOMPSON WELCH SOROKO & GILBERT LLP, 201 Tamal Vista Boulevard, Corte Madera CA 94925, 415-927-5200. Johannsmeier is a FWAG shareholder who was issued FWI stock between the Share Exchange Agreement and the Closing Agreement. Johannsmeier received stock in PSI pursuant to the Share Exchange Agreement and the Closing Agreement. Johannsmeier has knowledge relevant to the negotiation and consummation of PSI's acquisition of FWI; the financial condition of FWI; and post-acquisition events.

6.      Klaus Trox, c/o Laurence A. Weiss, HELLER EHRMAN WHITE & MCAULIFFE LLP, 333 Bush Street, San Francisco, CA 94104, 415-772-6000. Trox is a former Chief Executive Officer of FWAG, former director of FWI, and former director of PSI. Trox has knowledge relevant to the negotiation and consummation of PSI's acquisition of FWI; the financial condition of FWI; and post-acquisition events.

7.      Andreas Stuetz, c/o Laurence A. Weiss, HELLER EHRMAN WHITE & MCAULIFFE LLP, 333 Bush Street, San Francisco, CA 94104, 415-772-6000. Stuetz is a former Chief Operating Officer of FWAG and former director of PSI. Stuetz has knowledge relevant to the negotiation and consummation of PSI's acquisition of FWI; the financial condition of FWI; and post-acquisition events.

8.      Michael Urban, address and phone number unknown. Mr. Urban is the former Chief Executive Officer and a former director of PSI. Urban has knowledge relevant to post-acquisition events.

9.      Thomas Fessler, address and phone number unknown. Urban is the former Chief Executive Officer and a former director of PSI. Fessler has knowledge relevant to post-acquisition events.

10.     Michael McCloud, address and phone number unknown.  McCloud has knowledge relevant to the negotiation and consummation of PSI's acquisition of FWI; the financial condition of FWI; and post-acquisition events.

11.     Kenneth Upcraft, address and phone number unknown.  Upcraft is the former President and CEO of PSI.  Upcraft has knowledge relevant to post-acquisition events.

12.     David Lott, address and phone number unknown.  Upcraft is the former President and CEO of PSI.  Upcraft has knowledge relevant to post-acquisition events.

## II.    DOCUMENTS

PSI has, in its possession, custody, or control, the following categories of documents and things that it may use to support its claims.  All such documents are located either at PSI's offices or the offices of its undersigned counsel:

1.     Documents relating to PSI's acquisition of FWI.

2.     Communications between FWI, on one hand, and von Welczek, Lo, Draper, and/or Friendlyway AG on the other hand, concerning PSI's acquisition of FWI.

3.     The Share Exchange Agreement.

4.     The Closing Agreement.

5.     Documents relating to PSI's share issuances and subscription agreements after the acquisition of FWI to von Welczek, Lo, Draper, and Friendlyway AG.

6.     The Share Issuance Documents and Subscription Agreements between PSI, on one hand, and Alexander von Welczeck, Henry Lo, Michael Draper, and/or Friendlyway, AG, on the other hand.

7.     PSI's SEC filings.

## III.    DAMAGES

PSI seeks injunctive relief restricting the von Welczek, Lo, and Draper from transferring PSI's stock to anyone except PSI and ordering the Welczek, Lo, and Draper to return their stock to PSI.  PSI

1   also seeks monetary damages in the amount of $9 million for the economic injuries it suffered as a result

2   of the actions of the Welczek, Lo, and Draper.  PSI also seeks punitive damages.

3   **IV.    INSURANCE AGREEMENTS**

4       PSI does not have an applicable insurance agreement.

5

6                                          COZEN O'CONNOR

7

8

9   Dated: September 17, 2007              By: _____

10                                             Daniel D. Harshman
                                               *Attorneys for PSI Corporation*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, the undersigned, declare:  I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  I am employed in the County of San Francisco, California, in which county the within mentioned service occurred.  My business address is Cozen O'Connor, 425 California Street, Suite 2400, California, CA 94104.

On the date set forth below, I served the foregoing document(s) on the parties, through their attorneys of record, addressed as set forth below:

### PSI CORPORATION'S INITIAL DISCLOSURES

**[XX]    (By First Class Mail)**  I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in the United States mail at San Francisco, California.

**[ ]    (By Facsimile)**  I caused each individual on the attached list to be served via facsimile to the numbers indicated on the attached Service List.

**[ ]    (By Personal Service)**  I caused each such envelope, with courier charges prepaid, if applicable, to be personally delivered by messenger and/or in-house messenger to the offices of each addressee.

**[ ]    (By Federal Express/UPS)**  I caused each such envelope, with shipping charges fully prepaid, to be delivered to a Federal Express/UPS pick up box at San Francisco, California for next business day delivery.

### SEE ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct.

Executed Sept. 17, 2007, at San Francisco, California.

By:_____
Maria J. Uhl

1                                  <u>**SERVICE LIST**</u>

2    Lawrence A. Weiss, Esq.                    Attorneys for Defendant
     Ryan D. Marsh, Esq.                        friendlyway AG
3    Holly B. Baudler
     Heller Ehrman LLP
4    275 Middlefield Road
     Menlo Park, California  94025-3506
5    Telephone:  650/324-7000
     Facsimile:  650/324-0638
6    Email:  Weiss@hellerehrman.com
7            Ryan.Marsh@hellerehrman.com
             Holly.Baudler@hellerehrman.com
8

9

10   Harry G. Lewis, Esq                        Attorneys for Defendants
     Brian V. Donnelly, Esq.                    Alexander von Welczeck and
11   Cornerstone Law Corp.                      Henry Lo
     595 Market Street, Suite 2360
12   San Francisco, California  94105
     Telephone:  415/974-1900
13   Facsimile:  415/974-6433

14   Carl Lippenberger, Esq.                    Attorneys for Nominal  Defendant
15   Lippenberger, Thompson, Welch, Soroko & Gil    Karl Johannsmeier
     235 Pine Street, Suite 1300
16   San Francisco, California  94104-2733
     Telephone:  415/262-1200
17   Facsimile:  415/262-1212

18   Steven A. Dillick, Esq.                    Attorney for Defendant Michael Draper
19   1 Maritime Plaza, Suite 1040
     San Francisco, California  94111-3413
20

21   Pacific Capsource, Inc.                    Defendant
22   1110 Salem Rose Court
     Las Vegas, NV  89144
23

24

25

26

27

28

                                        2